## CAPY v. REDLINGER et al.   (No. 10099.)

Court of Civil Appeals of Texas. Dallas.
July 2, 1927.

Injunction ⬅161—Trial court's dissolution of temporary injunction restraining lot owner from customary use of driveway on adjoining lot held not abuse of discretion.

Trial court's dissolution of a temporary injunction, which restrained a lot owner from using as he and his predecessors in title for many years had used driveway on adjoining lot, thereby placing subject-matter of suit in statu quo until hearing on merits, *held* not abuse of discretion.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by P. L. Capy against Mary Redlinger and another. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

Read, Lowrance & Bates, of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellees.

JONES, C. J. This is an appeal from an order of a district court of Dallas county, Tex., dissolving a temporary writ of injunction that had theretofore been issued ex parte on presentation to the judge of appellant's verified petition. The question therefore for consideration is whether the trial court abused its discretion in entering an order dissolving such temporary injunction. The facts necessary to the disposition of this appeal are as follows:

Appellant, P. L. Capy, is the owner of lot 19 in block 24 of Belmont, an addition to the city of Dallas, and appellees are the owners of lot 18 in said block, the two lots adjoining each other. D. R. Moberly was the former owner of both lots and is the common source of title, each holding title through him under mesne conveyances. The appellees are Mary Redlinger and her husband, Eugene Redlinger, the latter being a pro forma defendant in the suit.

Lot No. 18, owned by appellees, was conveyed by Moberly to Ralph A. Beaton, while Moberly was the owner of lot 19, and at the insistence of Beaton the following clause was inserted in the deed:

"Grantors are the owners also of lot 19 of block 24 of Belmont addition to the city of Dallas, Tex., which said lot 19 is west of and contiguous to the above-mentioned lot 18, and for said consideration above stated the grantors agree that at any time desired by grantee a joint driveway of concrete runways with suitable concrete entrance will be constructed partly on said lot 18 and partly on said lot 19 of said block 24, and equal portion of each of said lots to be used for said purpose, the cost thereof to be borne equally by the grantors and by the grantee, and said driveway to be for the joint use of the at any time owners of said lot 18 and of said lot 19, and the said grantors do hereby grant, sell, and convey unto the said Ralph A. Beaton, grantee, his heirs, and assigns a perpetual easement over the portion of said lot 19 necessary for use for such driveway purposes, which easement shall run with said lot 19 and the title thereto, and be binding upon the grantors and their heirs and any person who shall hereafter acquire title to said lot 19."

Lot No. 19, appellant's lot, has a driveway from the front leading back to a garage in the rear and occupying the portion of the lot adjoining lot 18. This driveway was constructed by appellant's predecessor in title and entirely at his expense. At the time Moberly conveyed lot 18 there was a house on said lot, one wall of which is in close proximity to the dividing line between the two lots, and it appears that at the time the lot was purchased by Beaton the only ingress and egress to the rear of lot 18 from the front of said lot was over the adjoining portion of lot 19, and that an easement over said lot had been used for a number of years; that this easement was used until the driveway was built, and this was used by the owner of lot 18 without objection until just previous to the filing of this suit.

The suit was filed primarily to enjoin appellees, as owners of lot 18, from making use of this driveway as a passageway to and from

'(297 S.W.)

the rear portion of their lot, but the petition contained an alternative prayer to the effect that, if it should be held that a joint driveway was provided for under the terms of the above-quoted clause in the deed of conveyance by Moberly to Beaton, the appellant be required to pay one-half of the cost of said driveway.

The effect of the temporary writ of injunction granted was to give to appellant the primary relief prayed for in his suit without a full hearing of the issues involved. The effect of the order dissolving this temporary writ of injunction was to permit the subject-matter of the suit to stand in statu quo until a trial on its merits. It is not conceived that any considerable damage or loss would be suffered by appellant from the fact that appellees are permitted thus to continue the same use of the driveway in question that was made previous to appellant's ownership of lot 19. Under these circumstances, we do not believe the trial court abused a discretion allowed by law in dissolving the temporary writ of injunction.

The judgment of the lower court is therefore affirmed.

Affirmed.